# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| HAWK TECHNOLOGY SYSTEMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.  2:16-cv-02013-JPM-cgc |
| | ) |
| SHELBY COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

_____

## SCHEDULING ORDER
_____

Pursuant to Local Rule 16.2, a patent scheduling conference was held on June 6, 2016. (Min. Entry, ECF No. 19.)  Present were Frank Dantone, counsel for Plaintiff, appearing telephonically, and Matthew Lubozynski, counsel for Defendant.  Prior to the scheduling conference, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f).  It is hereby **ORDERED**, after consultation with the parties, that the following schedule will apply in this case:

| Event | Date |
|---|---|
| Answer or Other Responsive Pleading | May 2, 2016 |
| Joint Planning Report and Proposed Schedule | May 31, 2016 |
| Initial Disclosures | June 6, 2016 |
| Initial Infringement Contentions | May 27, 2016 |
| Initial Document Production | May 27, 2016 |
| Initial Non-Infringement Contentions | June 24, 2016 |
| Document Production Accompanying Initial Non-Infringement Contentions | June 24, 2016 |
| Invalidity and Unenforceability Contentions | August 1, 2016 |
| Document Production and Accompanying Invalidity and Unenforceability Contentions | August 1, 2016 |
| Validity and Enforceability Contentions | August 22, 2016 |
| Final Infringement Contentions | 14 days from Court's Claim Construction Ruling |
| Final Non-Infringement Contentions and Final Invalidity and Unenforceability Contentions | 14 days from Court's Claim Construction Ruling |

| | |
|---|---|
| Final Validity and Enforceability Contentions | 45 days from Court's Claim Construction Ruling |
| Preliminary Identification of Claim Terms to be Construed | August 8, 2016 |
| Final Identification of Claim Terms to Be Construed | August 29, 2016 |
| Preliminary Proposed Claim Constructions | September 12, 2016 |
| Identify Supporting Materials for Preliminary Proposed Claim Constructions | September 12, 2016 |
| Initial Expert Claim Construction Reports | October 11, 2016 |
| Rebuttal Expert Claim Construction Reports | November 10, 2016 |
| Completion of Expert Claim Construction Discovery | November 28, 2016 |
| Final Claim Construction | December 1, 2016 |
| Opening Claim Construction Briefs | December 15, 2016 |
| Responsive Claim Construction Briefs | January 17, 2017 |
| Joint Claim Construction and Prehearing Statement | January 24, 2017 |
| Claim Construction Hearing | February 21, 2017, at 9:30 p.m in Courtroom 1 |
| Fact Discovery Cut-Off | 45 days from the Court's Claim Construction Ruling |
| Disclosure of Advice of Counsel | 90 days before the close of fact discovery |
| Initial Expert Witness Disclosures | 60 days from the Court's Claim Construction Ruling |

**OTHER RELEVANT MATTERS:**

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have not reached an agreement regarding e-discovery and will comply with the default standards described in Local Rule 26.1(e) until such time, if ever, the parties reach an agreement and the Court approves the parties' e-discovery plan.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties may engage in ADR at their discretion before the close of discovery. Pursuant to Local Rule 16.2(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent

to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it will file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response. Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

The parties do not consent to trial before the Magistrate Judge.

**This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.**

**IT IS SO ORDERED,** this 6th day of June, 2016.

                                      /s/ Jon P. McCalla
                                      JON P. McCALLA
                                      UNITED STATES DISTRICT JUDGE